PHILLIP A. TALBERT
United States Attorney
KRISTIN F. SCOTT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>               v.<br><br>ELMER YUSAY NGO<br><br>                          Defendant. | CASE NO. 2:23-CR-00309-KJM<br><br>STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY |

## STIPULATION

Pursuant to 18 U.S.C. §§ 3509(d) and 3771(a)(8) and Federal Rule of Criminal Procedure 16(d), the undersigned parties hereby stipulate and agree, and respectfully request that the Court order that:

1.     The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

    a)     The name or any other information concerning a child (18 U.S.C. § 3509(d)(1)(A)(i)) ("Information Concerning a Child");

    b)     Personal Identifying Information (other than names) of any individual (besides the defendant), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, or criminal histories ("Personal Identifying Information"); and

        c)      Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information").

    2.    This Order pertains to all discovery provided to or made available to defense counsel that constitutes Information Concerning a Child, Personal Identifying Information, and Financial Identifying Information (hereafter, collectively known as "protected discovery"). Such protected discovery shall be identified as protected by the government when it is produced to the defense, in a cover letter, or by a specially-designated Bates range, or through an e-mail message.

    3.    Defense counsel shall not disclose any of the protected discovery or its contents directly or indirectly to any person other than their respective defendant/ client, potential witnesses, counsel for those witnesses, or the defense team (defined as anyone employed by defense counsel, such as attorneys, paralegals, secretaries, experts, investigators, and law clerks in connection with the representation of the defendant in this criminal case).

    4.    The defendant may view the protected discovery in the presence of a member of the defense team, but may not retain a copy or otherwise disseminate the contents.

    5.    The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

    6.    If there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any protected discovery may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become defense counsel for purposes of this Order, and become the custodian of the protected discovery, and shall then become responsible, upon conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 12 below. All members of the defense team, whether current or past, are at all times subject to the Order and are not relieved by termination of representation or conclusion of the prosecution.

    7.    Defense counsel will store the protected discovery in a secure place, such as a locked office, and shall use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement. To the extent any of the protected discovery, or any copies or reproductions thereof, are stored

electronically the protected discovery shall be stored on a password-protected or encrypted storage medium or device. Encryption keys shall be stored securely and not written on the storage media they unlock.

8. If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will ensure that the following notation (or other substantially similar notation) is physically written or inscribed on each copy made, if the confidentiality of the documents is otherwise not already present on the copied file(s) or hard copies: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance with Court Protective Order."

9. If defense counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph three, defense counsel shall first provide such recipients with copies of this Order. The parties agree that the defense team shall not provide the protected discovery to the defendant or any other witness or copies of the protected discovery, except for the limited situations identified in this Order.

10. Defense counsel shall advise the government counsel of any subpoenas, document requests or claims for access to the protected discovery by third parties if defense counsel is considering disseminating any of the protected discovery to a third party in order that the government may take action to resist or comply with such demands as it may deem appropriate.

11. Defense counsel shall be responsible for advising the defendant, or his/her client, his/her employees and other members of the defense team, and defense witnesses of the contents of this Order. Defense counsel shall not provide or make available to any person described in paragraph three the protected discovery until that individual has been provided a copy of this Order by defense counsel.

12. If it becomes necessary to refer to an identified victim or minor witness during any public court proceeding (aside from trial) or in a public court filing, the parties shall use the first and last initials of the identified victim or minor witness.

13. Upon the final disposition of the case, including exhaustion of direct and collateral appellate proceedings or after defense counsel's potential malpractice liability ends, defense counsel shall return the protected discovery to the government, or certify in writing that the protected discovery has been destroyed, or, if defense counsel seeks to maintain the protected discovery in the defense counsel's

files beyond final disposition of the case, seek modification of this provision from the Court. If any protected discovery is used as defense exhibits, they shall be returned to the government along with the other protected discovery upon the final disposition of the case, and stored with the government exhibits so long as those are required to be maintained.

14. Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

15. Defense counsel reserves the right to file objections with the Court concerning the protected status of any material produced by the government, and to seek a less restrictive protective order, including an order requiring redactions in lieu of more restrictive measures, to ensure the defendant has the proper level of access to such material in preparing his defense. The contested protected materials shall be submitted in camera or under seal to the Court for evaluation, not publicly filed.

Dated: March 7, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ KRISTIN F. SCOTT
KRISTIN F. SCOTT
Assistant United States Attorney

Dated: March 7, 2024

/s/ *Tim F. Tuitavuki*
TIM F. TUITAVUKI
Counsel for Defendant
ELMER YUSAY NGO

**ORDER**

By agreement of the parties, and good cause appearing, the Court hereby adopts the Stipulation and the terms contained therein. IT IS SO ORDERED.

Dated: March 7, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE